# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, As Trustee for the Structured Asset Securities Corporation Mortgage Loan Trust 2006-BC1,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>ADEGBENGA ADESOKAN,<br><br>　　　　　　　Defendant. | 1:11cv01648 AWI DLB<br><br>ORDER REMANDING ACTION TO STATE COURT |

Defendant Adegbenga Adesokan ("Defendant"), proceeding pro se, removed this action from the Madera County Superior Court on September 29, 2011.[1]

**DISCUSSION**

The underlying complaint is an unlawful detainer action filed by Plaintiff U.S. Bank National Association on April 28, 2009, in Madera County Superior Court.

Removal to federal court is proper where the federal court would have original subject-matter jurisdiction over the complaint. 28 U.S.C. § 1441. If after a court's prompt review of a notice of removal "it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary

---

[1] Defendant also filed a motion to proceed in forma pauperis. As discussed more fully in this order, however, the motion to proceed in forma pauperis is moot because the Court lacks subject matter jurisdiction over this action.

1  remand." 28 U.S.C. § 1446(c)(4).  These removal statutes are strictly construed against removal
2  and place the burden on defendant to demonstrate that removal was proper.  <u>Moore-Thomas v.</u>
3  <u>Alaska Airlines, Inc.</u>, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing <u>Gaus v. Miles, Inc.</u>, 980 F.2d
4  564, 566 (9th Cir. 1992)).

5       Here, Defendant seeks removal based on original jurisdiction.  Federal courts have
6  original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the
7  United States."  28 U.S.C. § 1331.  A claim "arises under" federal law if, based on the
8  "well-pleaded complaint rule," the plaintiff alleges a federal cause of action.  <u>Vaden v. Discovery</u>
9  <u>Bank</u>, 129 S.Ct. 1262, 1272 (2009).  Defenses and counterclaims asserting a federal question do
10  not satisfy this requirement.  <u>Id.</u> at 1273.

11       Defendant has failed to demonstrate that the action arises under federal law.  Although
12  Defendant has failed to submit a copy of Plaintiff's complaint, Defendant has filed a copy of his
13  "Answer to Complaint for Unlawful Detainer."  Doc. 1, pp. 105-111.  Defendant's answer makes
14  clear that Plaintiff's complaint asserts only a cause of action for unlawful detainer.  An unlawful
15  detainer action arises under state law and does not involve any federal claims.

16       Defendant appears to argue that removal is proper because he filed an action against
17  Plaintiff in this court to set aside the trustee's sale.  <u>See</u> 1:11cv1236 OWW SKO.  However, this
18  is insufficient to confer jurisdiction over Plaintiff's unlawful detainer action.  Accordingly,
19  Defendant has failed to show that removal is proper based on a federal question and this Court
20  lacks subject matter jurisdiction.

21  **ORDER**

22       The Court ORDERS that this action be REMANDED to Madera County Superior Court.

23
24
25       IT IS SO ORDERED.
26       **Dated:    October 3, 2011**         **/s/ Dennis L. Beck**
                                                             UNITED STATES MAGISTRATE JUDGE
27
28